UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSUE URQUILLA and ALMA URQUILLA, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 10-00648 |
| ALLSTATE TEXAS LLOYD'S and CRAIG PERNELL ANDREWS, | § § § § | |
| Defendants. | § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Remand (Doc. No. 7) of Plaintiffs Josue Urquilla and Alma Urquilla ("Plaintiffs"). Upon considering the Motion, all responses thereto, and the applicable law, the Court concludes that the Motion should be granted.

### I.    BACKGROUND

This is an insurance dispute arising from damage to property that resulted from Hurricane Ike. Defendant Allstate Texas Lloyd's ("Allstate") issued a Texas Homeowners' Insurance Policy to Plaintiffs, who are Texas residents. After Plaintiffs' home was damaged by Hurricane Ike in September 2008, they submitted a claim for property damage to Allstate. Allstate assigned Defendant Craig Pernell Andrews, a Texas resident, to adjust the Plaintiff's claim.

On January 5, 2010, Plaintiffs filed this lawsuit in the 11th Judicial District of Harris County, Texas, alleging that Allstate and Andrews ("Defendants" collectively) both engaged in unfair settlement practices, fraud, and conspiracy to commit fraud with regard to Plaintiff's insurance claim, and that Allstate engaged in breach of contract, improperly failed to pay Plaintiffs' claim, either in a timely manner or at all, and breached the duty of good faith and fair

dealing. On March 1, 2010, Defendant Allstate filed a Notice of Removal in this Court (Doc. No. 1).

Plaintiffs now move to have this case remanded, alleging that it lacks complete diversity because Andrews and the Plaintiffs are all Texas residents. Defendant Allstate argues that Andrews has been improperly joined in this action because Plaintiffs have failed to establish a valid cause of action against Andrews, and therefore Andrews's residency should not be considered for purposes of jurisdiction.

## II.     LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2) (2005). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allsate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the

plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id*. at 573 (citations omitted). A court may resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id.* Ordinarily, if a plaintiff can survive a 12(b)(6)-type challenge, there is no improper joinder. *Id*. When determining whether a party has been improperly joined, all factual allegations must be evaluated "in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. Tex. 1995).

Thus, in order to defeat Plaintiffs' Motion for Remand, Defendant Allstate must show that this case was properly removed to this Court under 28 U.S.C. § 1441, that is, that Andrews, a purportedly non-diverse defendant, was improperly sued by Plaintiffs.

### III. ANALYSIS

The parties in this case do not appear to dispute that the jurisdictional minimum has been met, or that Plaintiffs and Andrews are all Texas residents. Defendant Allstate argues that Andrews was improperly joined in this case because Plaintiffs' pleadings fail to sufficiently allege a specific factual basis for recovery against Andrews.

Plaintiffs' original petition filed in Harris County (the "Original Petition") alleges that Defendants Allstate and Andrews committed violations of the Texas Insurance Code, common

law fraud, and conspiracy to commit fraud. Defendant Allstate does not appear to dispute the validity of these causes of action against Andrews, and explicitly acknowledges the validity of claims against individual insurance adjusters for violations of the Texas Insurance Code (Doc. No. 13 at 3). *See, e.g.*, *Liberty Mutual Ins. Co. v. Garrison Contractor's Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998). Nonetheless, Defendant Allstate argues that Plaintiffs' allegations against Andrews are deficient because their Original Petition contains only conclusory recitations of the Texas Insurance Code without naming specific actions taken by Andrews that allegedly violated the law. According to Defendant Allstate, such a pleading is not sufficient to show a reasonable basis for the Court to predict that Plaintiff might be able to recover from Andrews, the only non-diverse Defendant.

Plaintiffs' Original Petition clearly alleges that their home sustained damage, that they filed an insurance claim with Allstate under their Texas Homeowners' Insurance Policy, that Allstate assigned Andrews to adjust their insurance claim, and that Andrews failed to fulfill this task in compliance with the law. The Original Petition lists specific ways in which Andrews violated the law, including, among other things, that he misrepresented to Plaintiffs that damage to their property was not covered under their insurance policy, failed to attempt to settle Plaintiffs' claim in a fair manner, failed to explain the reasons for an offer of an inadequate settlement, failed to affirm or to deny coverage within a reasonable time, and refused to fully compensate Plaintiffs under the terms of the policy. Although it is true that Plaintiffs' pleadings do not distinguish the actions of Andrews from those of Allstate, it is neither unreasonable nor unusual that Plaintiffs would be unaware, prior to conducting any discovery, of the specific actions taken by each of the Defendants with respect to adjustment of their claim.

Defendant Allstate's argument, in essence, appears to be that Plaintiffs' pleadings are insufficiently detailed to meet federal pleading requirements. However, this argument is of limited relevance to the current inquiry whether there is a reasonable basis to predict that Plaintiffs might recover against Andrews in state court. *See KIW, Inc. v. Zurich American Ins. Co.*, No. H-05-3240, 2005 WL 3434977, at *3, (S.D. Tex. Dec. 14, 2005) (applying Texas state law "fair notice" pleading standard to "liberally" construe pleadings in improper joinder inquiry); *Rodriguez v. Yenawine*, 556 S.W.2d 410, 415 (Tex.Civ.App.-Austin 1977, no writ) ("Texas courts have upheld the pleading when the technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition.").

The Court therefore holds that Plaintiffs' allegations do in fact state a claim under state law against the non-diverse defendant, Andrews, and, if proven true, do create the reasonable possibility that Plaintiffs could prevail in these claims. The Court accordingly concludes that there has been no improper joinder of Andrews, the non-diverse Defendant.

The Court notes that this result is consistent with recent Southern District of Texas opinions involving similar facts and circumstances. *See, e.g.*, *Campos v. American Bankers Ins. Co. of Florida, et al*., No. H-10-0594, 2010 WL 2640139 (S.D. Tex. June 30, 2010); *Seabrook Marina, Inc. v. Scottsdale Ins. Co.*, --- F. Supp. 2d ---, 2010 WL 2383771 (S.D. Tex. June 9, 2010); *Cruz v. Standard Guar. Ins. Co.*, No. H-10-0352, 2010 WL 2269846 (S.D. Tex. June 4, 2010); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. Apr. 30, 2010); *but see, e.g.*, *Jimenez v. Travelers Indemnity Co.*, No. H-09-1308, 2010 WL 1257802, at *4-6 (S.D. Tex. March 25, 2010) (denying remand because the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim). The Court concludes

that Plaintiffs have a reasonable possibility of recovering against Andrews, the assigned claims adjuster.[1]

Therefore, because Andrews is a properly joined Defendant in this matter, complete diversity does not exist and this Court lacks jurisdiction. Remand is therefore appropriate.

### IV. ATTORNEYS FEES

Plaintiffs have requested that the Court order Allstate to pay costs, expenses and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). The plain language of the statute makes clear that such an award is discretionary. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5 Cir. 1997). In determining whether an award of costs and attorney's fees is appropriate, courts should focus on the legal propriety of removal, not motive. *Id.* The propriety of the removing party's actions is examined based on an "objective view of the legal and factual elements in each particular case." *Valdes*, 199 F.3d at 293. Further, the objective merits of removal must be evaluated "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id.*

Defendant Allstate, in its Notice of Removal, claims that Andrews had been improperly joined because the Plaintiffs did not have a reasonable basis for recovery against him in state court. They argue that the failure of Plaintiffs' state court pleadings to meet the heightened pleading requirements of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), forecloses the possibility of recovery against Andrews. Although this Court disagrees with Defendant as to the sufficiency of the Plaintiffs' pleadings, other courts have agreed with arguments similar to the one argued by the Defendant and denied remand. *See, e.g.*, *First Baptist Church of Mauriceville,*

---

[1] Because Defendant Allstate has not shown any "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," a summary judgment-type inquiry is not appropriate in this case. *See Smallwood*, 385 F.3d at 573-74.

*Tex. v. GuideOne Mut. Ins. Co.*, Case No. 07-CV-988, 2008 U.S. Dist. LEXIS 75961 (E.D. Tex. Sept. 29, 2008). Therefore, although this Court has determined that removal is improper, Defendant's filing of the Notice of Removal was not improper. Therefore, the Court denies the Plaintiffs' request for costs and expenses, including attorney's fees.

### V. CONCLUSION

Because Defendant Allstate has failed to establish that Andrews, a non-diverse Defendant, was improperly joined in this case, the Court lacks diversity jurisdiction. Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED** in part and **DENIED** with respect to the request for costs and expenses. This action is hereby **REMANDED** to the 11th District of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 30th day of August, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE